**FILED**
JAN 1 2 2011

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN NATIONAL MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CIV. #10: 11-4009<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Daniel Anderson, by and through his counsel of record, and for his causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a diversity suit to recover underinsured motorists coverage (UIM) brought by Plaintiff Daniel Anderson against Defendant Western National Mutual Insurance Company ("Western National"). Anderson was severely and permanently injured in an automobile accident. His damages exceed the minimal limits available on the policy of the tortfeasor and vehicle responsible for the accident, and now seeks to be made whole pursuant to the underinsurance coverage available to him as an insured under his policy with Western National.

## PARTIES

1. Plaintiff Daniel Anderson is a citizen of the State of South Dakota and resident of Minnehaha County.

2. Upon information and belief, Defendant Western National is a corporation duly organized and existing under the laws of the State of Minnesota, with a principal place of

business located at 5350 West 78th Street, Edina, MN 55439, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3.  Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4.  A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5.  Defendant provided auto coverage to the Plaintiff pursuant to an insurance policy issued as Policy Number CA-040103605-06/000 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective and in force during the relevant dates in this matter.

6.  The Plaintiff was an insured under the Policy, which provided underinsurance coverage up to a limit of Five Hundred Thousand Dollars ($500,000). *See* Exhibit A.

7.  On September 4, 2007, while the Policy was in force, the Plaintiff was severely and permanently injured in an automobile accident. *See* Exhibit B. To date, the Plaintiff has incurred medical bills in excess of $20,000 and lost earnings estimated in excess of $28,000 per year. The accident and the Plaintiff's resulting injuries and other damages were the fault of Kolbey Harshfield. Harshfield admitted that his conduct related to the motor vehicle accident was negligent. *See* Exhibit C (Defendant's Admission of Negligence).

8.  The tortfeasor and the vehicle that he was driving were underinsured. Harshfield tendered a personal liability insurance payment in the amount of $85,000 to the Plaintiff. This payment was substantially less than any amount reasonably necessary to compensate the Plaintiff for his injuries and other damages sustained in the accident.

9. Pursuant to the procedure detailed in *Schmidt v. Clothier*, 338 N.W.2d 356 (Minn. 1983), the Defendant was placed on notice of the tender of limits and was offered the opportunity substitute its own draft. The Defendant declined and waived the opportunity to substitute its draft or object to the settlement.

10. On or about March 9, 2010, the Plaintiff accepted the $85,000 on the Harshfield policy covering the tortfeasor and his vehicle and entered into a Release. *See* Exhibit D.

11. The payment received from the policy covering the tortfeasor pursuant to the Release do not come close to fully compensating the Plaintiff for his serious and permanent injuries and other damages that he suffered in the automobile accident caused by the tortfeasor's negligence.

12. Plaintiff thereafter sought recovery of UIM benefits from the Defendant for Plaintiff's uncompensated damages, in accordance with the terms of the Policy, and the Defendant wrongfully refused and still refuses payment of the same, which is a direct violation of SDCL § 58-33-67.

## COUNT ONE
### (Breach of Contract)

13. Plaintiff hereby realleges paragraphs 1-12 and all previous paragraphs and incorporates them as though fully set forth herein.

14. By virtue of its Policy of insurance in effect on September 4, 2007, and Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay Plaintiff underinsured motorist benefits as a result of the automobile accident caused by the tortfeasor that occurred on September 4, 2007.

15. Defendant breached its duty to pay Plaintiff underinsured motorist benefits pursuant to the Policy.

16. Defendant's breach of its duties under the Policy has resulted in substantial damages to the Plaintiff.

## COUNT TWO
### (Bad Faith)

17. Plaintiff hereby realleges paragraphs 1-16 and all previous paragraphs and incorporates them as though fully set forth herein.

18. Because the Policy constituted a contract of insurance between the Plaintiff and the Defendant, there existed an implied covenant of good faith and fair dealing between them.

19. The Plaintiff suffered a loss within the policy period that was compensable under the terms of the Policy, provided timely notice to the Defendant of the occurrence giving rise to coverage, and demanded payment for the same.

20. The Defendant was provided with all information necessary to review Plaintiff's claim no later than October 20, 2010.

21. The Defendant had an obligation to act upon Plaintiff's claim within thirty (30) days of receipt of Plaintiff's claim. *See* SDCL § 58-33-67.

22. Despite numerous promises and assurances that it would respond in a timely manner, the Defendant has failed and continues to fail to act upon Plaintiff's claim.

23. The Defendant delayed and otherwise did not respond to Plaintiff's claim for coverage thereby denying Plaintiff's claim in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

24. The Defendant knew that there was a lack of reasonable basis for denial of the claim, or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

25. The Defendant used unfair and deceptive acts and practices in dealing with Plaintiff's claim for coverage through, among other things, its failure to acknowledge and act on Plaintiff's claim, its failure to adhere to reasonable standards in promptly investigating the claim, its failure to promptly provide a reasonable explanation of the basis of the delay and denial, and its failure to promptly settle Plaintiff's claim when liability was clear.

26. The Defendant's refusal to provide coverage and to honor the plain terms of its insurance contract was willful, vexatious, and without reasonable basis, resulting in substantial damages to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

(1) For Plaintiff's compensatory, general, punitive and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For Plaintiff's costs and disbursements herein;

(3) For prejudgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated this 12th day of January, 2011.

JOHNSON, HEIDEPRIEM
& ABDALLAH, LLP.

BY_____
Scott A. Abdallah (sabdallah@jhalawfirm.com)
Shannon R. Falon (shannon@jhalwfirm.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

5

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon